# Exhibit A



# Notice of Service of Process

null / ALL
Transmittal Number: 16339189
Date Processed: 03/08/2017

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Kevin Jones<br>Cassandra Struble |
| **Entity:** | Allied Property And Casualty Insurance Company<br>Entity ID Number  0129900 |
| **Entity Served:** | Allied Property & Casualty Insurance Company |
| **Title of Action:** | Michael H. Litofsky vs. Allied Property & Casualty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2017CI03724 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/07/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Gravely & Pearson, L.L.P.<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

CERTIFIED MAIL #70151660000034463479   **Case Number: 2017-CI-03724**

2017CI03724  S00001

**MICHAEL H LITOFSKY**
*Plaintiff*
vs.
**ALLIED PROPERTY & CASUALTY INSURANCE CO**
*Defendant*
(Note: Attached document may contain additional litigants).

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**"THE STATE OF TEXAS"**

**DIRECTED TO:** ALLIED PROPERTY & CASUALTY INSURANCE COMPANY A NA

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPPANY
211 E 7TH ST 620
AUSTIN TX 78701

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 1st day of March, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 2ND DAY OF MARCH A.D., 2017.

PETITION

MATTHEW R PEARSON
ATTORNEY FOR PLAINTIFF
425 SOLEDAD ST 600
SAN ANTONIO, TX 78205-1553



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu,* Deputy

---

Officer's Return

Came to hand on the  2nd day of March 2017, A.D., at 12:01 o'clock P.M. and EXECUTED (NOT EXECUTED) by  CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu,* Deputy

ORIGINAL (DK003)

FILED
3/1/2017 1:42:12 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

citcml-sac2 w/jd

**2017CI03724**
CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL H. LITOFSKY | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | **224th** |
| v. | § | ____ JUDICIAL DISTRICT |
| ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, A NATIONWIDE INSURANCE COMPANY | § § § § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, MICHAEL H. LITOFSKY and files this Original Petition against Defendant, ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, A NATIONWIDE INSURANCE COMPANY for cause of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. VENUE

Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise to the causes of action were committed in Bexar County, Texas and Plaintiff and property which is the subject of this suit are located in Bexar County, Texas.

### III. PARTIES

Plaintiff resides in Bexar County, Texas.

Defendant, ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, A NATIONWIDE INSURANCE COMPANY is in the business of insurance in the State of Texas.

The insurance business done by ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, A NATIONWIDE INSURANCE COMPANY in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

- The taking or receiving of application for insurance, including Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant, ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, A NATIONWIDE INSURANCE COMPANY may be cited with process by ***Certified Mail, Return Receipt Requested*** to the attorney for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Corporation Service Company is requested to send the Petition/Citation to Allied Property & Casualty Insurance Company, a Nationwide Insurance Company, 1100 Locust Street, Des Moines, IA 50391-1100.

### IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiff's business from a wind/hail event on or about April 12, 2016. Plaintiff seeks damages for breach of contract and violations of the Texas Insurance Code. Plaintiff also seeks his attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief in excess of $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

2

## V. BACKGROUND FACTS

Plaintiff owns a business located at 5435 Walzem Road, San Antonio, Texas 78218. This business is covered by a policy of insurance, numbered 7842PE 131348 0412201651 issued by Defendant to Plaintiff ("the Policy"). The Policy covered Plaintiff's business against loss by wind, water damage, among other perils.

As a consequence of the wind and hail, Plaintiff's business sustained extensive damage on or about April 12, 2016.

Plaintiff gave timely notice to the carrier.

The carrier assigned the claim to adjusters to investigate, report on and adjust the loss.

Plaintiff provided information to the adjusters and opportunities for the adjusters to inspect the Residence.

The Defendant has failed and refused to pay Plaintiff in accordance with its promises under the Policy. In addition, the Defendant violated the Prompt Payment of Claims Act, Texas Ins. Code § 542.055 *et. seq.*

## VI. CLAIMS AGAINST ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, A NATIONWIDE INSURANCE COMPANY

**Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provide coverage for the cost to repair the damaged property and personal property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against the Defendant.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of the Defendant and its agents constitute a breach and/or anticipatory breach of the Defendant's

contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against the Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, the Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Defendant and its agents constitute one or more violations of the Texas Insurance Code. More specifically, the Defendant has, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.
2. Insurance Code chapter 541, section 541.060 by, among other things:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear;

- refusing to pay Plaintiff's claims without conducting a reasonable investigation.

Where statements were made by the Defendant, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. The Defendant has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

## VII. Conditions Precedent

All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## VIII. Jury Demand

Plaintiff requests that a jury be convened to try the factual issues in this action.

## IX. Request for Disclosure

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant provide the information required in a Request for Disclosure.

## X. Prayer

WHEREFORE, Plaintiff seeks the following relief:

A.  The Court's declaration that the Policy provides coverage for the damage to the Residence, less only a deductible;

B.  Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.  Damages against the Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D.  Damages against the Defendant for violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

E.  Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

F.  Any other relief to which Plaintiff would be justly entitled to.

        Respectfully submitted,

        GRAVELY & PEARSON, L.L.P.
        425 Soledad, Suite 600
        San Antonio, Texas  78205
        Telephone:  (210) 472-1111
        Facsimile:  (210) 472-1110

        _____
        Matthew R. Pearson
        State Bar No. 00788173
        mpearson@gplawfirm.com
        Jonathan C. Lisenby
        State Bar No. 24072889
        jlisenby@gplawfirm.com

        **ATTORNEYS FOR PLAINTIFF**

**DONNA KAY MCKINNEY**
BEXAR COUNTY DISTRICT CLERK
PAUL ELIZONDO TOWER
101 W. NUEVA ST., SUITE 217
SAN ANTONIO, TX 78205-3411

*RETURN SERVICE REQUESTED*

7015 1660 0000 3446 3479



FIRST-CLASS MAIL
neopost
03/03/2017
US POSTAGE $07.29⁰

ZIP 78205
041L12202049

```
ALLIED PROPERTY & CASUALTY INSURANCE COMPF
C/O CORPORATION SERVICE COMPPANY
211 E 7TH ST 620
AUSTIN, TX  78701

2017CI03724  3/2/2017  CITCM  DEBRA CANTU
```